**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PHILADELPHIA AUTHORITY FOR INDUSTRIAL DEVELOPMENT, | ) | |
| Plaintiff, | ) | No. 07-628C |
| v. | ) | (Judge Sweeney) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**ANSWER**

For its answer to the complaint, defendant, the United States, admits, denies, and alleges as follows:

1. Admits the allegations contained in the first and third sentences of paragraph 1. Admits the allegations contained in the second sentence of paragraph 1 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 1.

2. Admits the allegations contained in paragraph 2 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 2.

3. The allegations contained in paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in paragraph 4 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. Admits the allegations contained in paragraph 5 to the extent supported by the contracting officer's denial cited, which is the best evidence of its contents; otherwise denies the

allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in the first sentence of paragraph 11. Denies the allegations contained in the second sentence of paragraph 11. Avers that the contract provided the plaintiff with "estimated service requirements," and that the contract stated that "[t]he Government is in no way obligated to deliver nor is it restricted to the above noted estimates."

12. The allegations contained in the first sentence of paragraph 12 constitute the plaintiff's characterization of its claim, to which no answer is required; to the extent they may be

deemed allegations of fact, they are denied. Denies the allegations contained in the second and third sentences of paragraph 12. Admits the allegations contained in the fourth sentence of paragraph 12.

13. The allegations contained in the paragraph 13 constitute the plaintiff's characterization of its claim, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14. Denies. Avers that the "transfer of all functions" mentioned in paragraph 14 was effected via a bill of sale, as the Navy cannot transfer real property via a utility service contract.

15. Admits the allegations contained in paragraph 15 to the extent supported by the BRAC decisions cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 15.

16. The allegations contained in the paragraph 16 constitute the plaintiff's characterization of its claim, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. Admits the allegations contained in paragraph 17 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. The allegations contained in the first sentence of paragraph 18 constitute the plaintiff's characterization of its claim, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 18 to the extent supported by the lease cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 18.

19. Admits the allegations contained in the first, second, and third sentences of paragraph 19. Denies the allegations contained in the fourth sentence of paragraph 19. Avers that a portion of the "property" referenced in the fourth sentence of paragraph 19 was paid for and transferred in 2000, and the remainder of the "property" referenced in the fourth sentence of paragraph 19 was transferred in 2001.

20. Denies the allegations contained in the first sentence of paragraph 20 to the extent that the "capital projects" referenced are alleged to be solely for segregation of utilities; otherwise admits the allegations contained in the first sentence of paragraph 20. Denies the allegations contained in the second, third, fourth, and fifth sentences of paragraph 20. Avers that utility privatization was independent of the BRAC process.

21. Admits the allegations contained in paragraph 21 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Admits the allegations contained in paragraph 22 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23. Admits the allegation contained in the first sentence of paragraph 23 that "PAID . . . requested more information from the Government," to the extent supported by the requests referenced, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 23. Denies the allegations contained in the second sentence of paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the third sentence of paragraph 23.

24. Admits the allegation contained in the first sentence of paragraph 24 that an initial site visit was conducted in April 2000 and the plaintiff participated in that initial site visit; otherwise denies the allegations contained in paragraph 24.

25. Admits the allegations contained in paragraph 25 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 25.

26. Denies the allegations contained in the first and second sentences of paragraph 26, and avers that the Navy provided the plaintiff with all available information responsive to its requests, and that the information referenced in the second sentence of paragraph 26 was not requested by the plaintiff. Denies allegation contained in the third sentence that "Although this information would have allowed PAID to develop a trend based on a history of the Government's steam usage for each site," for lack of knowledge or information sufficient to form a belief as to its truth; denies the remaining allegations contained in the third sentence of paragraph 26.

27. Denies the allegations contained in paragraph 27. Avers that the "information" referenced in paragraph 27 would only be one factor among many in determining fully allocated costs and the unit rate for steam.

28. Denies the allegations contained in paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth.

29. Admits the allegations contained in the first sentence of paragraph 29 to the extent the "additional information" referenced was provided to assist in the formatting and generation of utility bills; otherwise denies the allegations contained in the first sentence of

paragraph 29. The allegations contained in the second sentence of paragraph 29 constitute the plaintiff's characterization of its claim, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

30. Denies.

31. Denies the allegations contained in paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth.

32. Denies.

33. Denies.

34. Defendant’s responses to paragraphs 1 through 33 of the complaint are incorporated by reference.

35. The allegations contained in paragraph 35 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

36. Denies. Avers that the estimates provided to the plaintiff were based upon data available at the time.

37. Denies. Avers that the “billing data” referenced in paragraph 37 was not available for use at the time the estimates were provided. Avers that the estimates provided were within 1.2 percent of actual usage for the following year.

38. Denies.

39. Denies the allegations contained in paragraph 39 for lack of knowledge or information sufficient to form a belief as to their truth.

40. Denies.

41. The allegations contained in paragraph 41 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 41, or to any relief whatsoever.

42. The allegations contained in paragraph 42 constitute conclusions of law and the plaintiff's characterization of its claim, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

43. Defendant's responses to paragraphs 1 through 33 of the complaint are incorporated by reference.

44. Denies. Avers that the contract states that "[t]he Government is in no way obligated to deliver nor is restricted to the above noted estimates."

45. Denies the allegations contained in paragraph 45 for lack of knowledge or information sufficient to form a belief as to their truth.

46. Denies.

47. Denies.

48. The allegations contained in paragraph 48 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 48, or to any relief whatsoever.

49. The allegations contained in paragraph 49 constitute conclusions of law and the plaintiff's characterization of its claim, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

50. Defendant's responses to paragraphs 1 through 33 of the complaint are

incorporated by reference.

51. Denies. Avers that the contract states that "[t]he Government is in no way obligated to deliver nor is restricted to the above noted estimates."

52. The allegations contained in paragraph 52 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

53. Admits the allegation contained in paragraph 53 that the plaintiff requested data so that it could evaluate the Government's steam usage estimate; otherwise denies the allegations contained in paragraph 53. Avers that the Navy provided the plaintiff with all available data in response to the request.

54. Denies.

55. Denies.

56. Denies.

57. The allegations contained in paragraph 57 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 57, or to any relief whatsoever.

58. The allegations contained in paragraph 58 constitute conclusions of law and the plaintiff's characterization of its claim, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

59. Defendant's responses to paragraphs 1 through 33 of the complaint are incorporated by reference.

60. Denies.

61. Denies.

62. Denies.

63. Denies. Avers that the contract states that "[t]he Government is in no way obligated to deliver nor is restricted to the above noted estimates."

64. Denies.

65. Denies.

66. Denies. Avers that the "steam utility rate" referenced in paragraph 66 was negotiated by the parties to the contract.

67. The allegations contained in paragraph 67 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 67, or to any relief whatsoever.

68. The allegations contained in paragraph 68 constitute conclusions of law and the plaintiff's characterization of its claim, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

69. Defendant's responses to paragraphs 1 through 33 of the complaint are incorporated by reference.

70. Denies. Avers that, during the negotiation of the contract, the Navy provided the plaintiff with certain information detailing the Navy's fully allocated costs, which was based upon 177,000 MBTU produced annually and 116,000 MBTU sold annually.

71. Denies.

72. Denies.

73. Denies.

74. Denies.

75. Denies the allegations contained in paragraph 75 for lack of knowledge or information sufficient to form a belief as to their truth.

76. The allegations contained in paragraph 76 concerning the plaintiff's responsibilities constitute conclusions of law and the plaintiff's characterization of its claim, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the remainder of the allegations contained in paragraph 76.

77. Denies.

78. The allegations contained in paragraph 78 constitute conclusions of law and the plaintiff's characterization of its claim, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 78, or to any relief whatsoever.

79. Defendant's responses to paragraphs 1 through 33 of the complaint are incorporated by reference.

80. Admits the allegations contained in paragraph 80 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 80.

81. Denies. Avers that steam service was stopped at Buildings 121 and 743 during the 2001-02 contract year. Steam service was stopped at building 51, 52, and 84 in the 2002-03 contract year because those buildings were demolished. Later, steam service was stopped at

Buildings 542 and 753 by mutual agreement of the parties and Cinergy. Finally, steam service was stopped at Building 673 in the 2004-05 contract year after the Navy moved out of the building.

82. The allegations contained in paragraph 82 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Avers that the plaintiff had actual notice of the service stoppages.

83. Denies.

84. The allegations contained in paragraph 84 constitute conclusions of law and the plaintiff's characterization of its claim, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 84, or to any relief whatsoever.

85. Defendant's responses to paragraphs 1 through 33 of the complaint are incorporated by reference.

86. Admits the allegations contained in paragraph 86 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 86.

87. Admits the allegations contained in the first sentence of paragraph 87 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 87. Denies the allegations contained in the second sentence of paragraph 87 for lack of knowledge or information sufficient to form a belief as to their truth.

88. Admits the allegation contained in paragraph 88 that the Navy has refused to pay for non-potable water supplied by the plaintiff; denies the remainder of the allegations contained in paragraph 88.

89. The allegations contained in paragraph 89 constitute conclusions of law and the plaintiff's characterization of its claim, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 89, or to any relief whatsoever.

90. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick (by Kirk T. Manhardt)
MARK A. MELNICK
Assistant Director

s/ Devin A. Wolak
DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice

1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel. (202) 616-0170
Fax. (202) 514-8624

January 8, 2008

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on January 8, 2008, a copy of the foregoing "ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Devin A. Wolak
DEVIN A. WOLAK