**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PHILADELPHIA AUTHORITY FOR INDUSTRIAL DEVELOPMENT, | ) | |
| Plaintiff, | ) | No. 07-628C |
| v. | ) | (Judge Sweeney) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**<u>JOINT PRELIMINARY STATUS REPORT</u>**

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), the plaintiff, Philadelphia Authority For Industrial Development ("PAID"), and the defendant, the United States, respectfully submit the following joint preliminary status report in response to the questions set forth in paragraph 4 of Appendix A.

a. **<u>Does the Court have jurisdiction over this action?</u>**

The plaintiff asserts that the Court possesses jurisdiction to entertain this action. The United States is unaware of any basis upon which to challenge jurisdiction at this time.

b. **<u>Should this case be consolidated with any other case?</u>**

The parties agree that this case should not be consolidated with any other cases.

c. **<u>Should trial of liability and damages be bifurcated?</u>**

The parties agree that the trial of liability and damages should not be bifurcated.

d. **<u>Should further proceedings be deferred pending consideration of another case before this Court or any other tribunal and the reasons therefore?</u>**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. **Will a remand or suspension be sought?**

The parties do not intend to seek remand or suspension.

f. **Will additional parties be joined?**

The parties agree that they will not join any additional parties.

g. **Does either party intend to file a dispositive motion pursuant to Rule 12(b), 12(c), or 56? And, if so, a schedule for the intended filing?**

After discovery has been completed, the United States anticipates submitting a motion for summary judgment pursuant to RCFC 56. The parties agree that any such motion shall be filed no later than 4 weeks after the close of discovery.

h. **What are the relevant issues?**

(1) Whether the Government breached the contract when it allegedly failed to comply with its obligations to act in good faith and with reasonable care in preparing and presenting its steam usage estimates which were used as a basis for negotiating the contract steam usage rate.

(2) Whether the Government's representations in the contract regarding steam usage constitute a defective specification.

(3) Whether the contract should be reformed because the parties made a mutual mistake with respect to steam usage.

(4) Whether the Government breached the contract by allegedly failing to provide notice that certain building units would be converted to an alternative, non-steam, heat source.

(5) Whether the Government breached the contract by allegedly failing to pay separately for non-potable water.

i. **What is the likelihood of settlement?**

The United States is willing to engage in settlement discussions and will make every effort to resolve this case amicably. To facilitate settlement discussions, the parties are agreeable to considering an ADR method; however, the defendant is required to seek specific authorization

to participate in any ADR proceeding, and such authorization is not ordinarily sought or granted until a time immediately prior to the contemplated ADR. In this case, the parties anticipate that some discovery will be necessary before they can realistically engage in settlement discussions or an ADR proceeding, and therefore (a) any ADR methodology should be determined at or near the conclusion of the discovery period, and (b) the defendant's ability to participate in any ADR proceeding is subject to its receipt of official authorization to do so at that time.

j. **<u>Do the parties anticipate proceeding to trial?</u>**

If the anticipated dispositive motion does not resolve this case, and the matter cannot be resolved through settlement, trial will be necessary. The United States proposes that the trial be held four to six months after the Court shall have ruled on any post-discovery dispositive motions. PAID proposes that the trial be held four to six weeks after the Court shall have ruled on any post-discovery dispositive motions. The parties expect that a trial would last approximately one week. The parties do not request expedited trial scheduling. The parties request that the trial be conducted in Philadelphia, PA.

k. **<u>Are there special issues regarding electronic case management needs?</u>**

The parties do not have any special issues regarding electronic case management needs.

l. **<u>Is there other information of which the Court should be aware at this time?</u>**

There is no additional information of which the Court should be aware at this time.

m. **<u>What is the proposed discovery plan?</u>**

The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and/or depositions. The parties propose the following discovery schedule:

| | |
|---|---|
| Exchange of Initial Disclosures | March 14, 2008 |
| Close of Fact Discovery | August 29, 2008 |
| Plaintiff's Expert Report Due | October 14, 2008 |
| Defendant's Expert Report Due | November 26, 2008 |
| Deadline for Expert Depositions | January 16, 2009 |

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick (by Kirtk T. Manhardt)
MARK A. MELNICK
Assistant Director

s/ Heather K. Weiner
HEATHER KILGORE WEINER
Pepper Hamilton, LLP
600 14th Street, NW
Suite 500
Washington, DC 20005-2004
Tel. (202) 220-1200
Fax. (202) 220-1665
e-mail: weinerh@pepperlaw.com

Attorney for Plaintiff

s/ Devin A. Wolak
DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel. (202) 616-0170
Fax. (202) 305-7644
e-mail: devin.wolak@usdoj.gov

Attorneys for Defendant

March 5, 2008

**CERTIFICATE OF FILING**

I hereby certify that on March 5, 2008, a copy of the foregoing "Joint Preliminary Status Report" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Devin Wolak
DEVIN A. WOLAK